UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSCO HOLDING, LLC, et al., <br><br>  Petitioners, <br><br> v. <br><br> DANCO HOLDING, LLC, et al., <br><br>  Respondents. | 23 Civ. 8825 (DEH) <br><br> **OPINION <br> AND ORDER** |

DALE E. HO, United States District Judge:

In this action, Petitioners Mosco Holding, LLC and 48th Street Holding, LLC move for confirmation of an arbitral award issued on September 12, 2023 (the "Final Award"). Respondents Danco Holding, LLC and Amco Holding, LLC cross-move to vacate the Final Award. For the following reasons, Petitioners' motion is **GRANTED**, Respondents' motion is **DENIED**, and the Final Award is **CONFIRMED.**

## BACKGROUND

Petitioners and Respondents formerly owned a thirty-unit residential apartment building on West 48th Street in Manhattan as tenants-in-common. *See* Final Award 1-2, ECF No. 1-3. Pursuant to their tenancy-in-common agreement, any disputes between the owners are to be determined through binding arbitration. *See id.* at 2. Petitioners initiated arbitration on February 27, 2022, alleging that Respondents failed to make required capital contributions and seeking partition and sale of the building. *See id.* On August 10, 2022, the arbitrator issued an interim order and decision that allowed Petitioners to partition and sell the building, with proceeds from the sale to be held in escrow and disbursed after an accounting. *See id.* at 5. The building was sold on April 25, 2023, and, following deductions for a mortgage loan balance and various fees, the net sale proceeds totaled $3,678,510.00. *See id.* at 6.

On June 5, 6, and 7, 2023, the arbitrator held hearings regarding the amounts of the sale proceeds owed to Petitioners and Respondents. *See id.* at 7. At the hearing, six witnesses testified, and 140 exhibits were admitted into evidence. *See id.* On September 12, 2023, the arbitrator issued the Final Award, determining that Respondents were entitled to $508,860.00 of the sale proceeds, minus amounts for arbitration fees and Petitioners' attorneys' fees. *See id.* at 25-26. The arbitrator also found that $602,786.00 should be delivered to a pooled bank account from which certain operating expenses were paid prior to sale. *See id.* at 26. Finally, the arbitrator awarded statutory interest to Petitioners at the rate of 9%, running from the date of the Final Award, with any interest that accrued to be deducted from Respondents' share of the proceeds. *See id.*

On September 14, 2023, Petitioners initiated this action in state court, seeking confirmation of the Final Award. *See* Verified Pet. to Confirm Arbitration Award, ECF No. 1-1. On October 6, 2023, Respondents removed this action to federal court. *See* Notice of Removal, ECF No. 1. On November 16, 2023, Respondents cross-moved to vacate the Final Award. *See* Resp'ts' Cross-Mot. to Vacate Arbitration Award, ECF No. 9.

## LEGAL STANDARDS

Confirmation of an arbitration proceeding is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022).[1] "The review of arbitration awards is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Beijing*

---

[1] In all quotations from cases, internal quotation marks, brackets, citations, ellipses, footnotes, and emphases are omitted unless otherwise indicated.

*Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021). "[A]rbitration panel determinations are generally accorded great deference under the Federal Arbitration Act [("FAA")]." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (describing a district court's role as "narrowly limited"). "Because the FAA establishes a strong presumption in favor of enforcing an arbitration award, . . . an award is presumed valid unless proved otherwise." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 382 (2d Cir. 2023).

"The FAA provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021). Under this process, the Court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. Section 10(a) of the FAA sets forth the narrow grounds for vacating an arbitration award. *See* 9 U.S.C. § 10(a)(1)-(4). As is relevant here, a court may vacate an arbitral award "where there was evident partiality or corruption in the arbitrators," *id.* § 10(a)(2), and "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced," *id.* § 10(a)(3).

## DISCUSSION

Respondents move for vacatur of the Final Award, arguing in substance that Petitioners failed to adequately produce documents in discovery related to the building's expenses. Respondents argue that this alleged discovery failure only came to light at the arbitral hearing and, in response, the arbitrator failed to take adequate corrective measures or sanction Petitioners for their conduct. Respondents argue this constitutes misconduct and demonstrates evident

3

partiality. These arguments fail. Because there is no basis to vacate the Final Award, it is confirmed.

A.      **Refusal to Hear Evidence**

First, Respondents argue that the Final Award must be vacated under § 10(a)(3). "Arbitrators have substantial discretion to admit or exclude evidence." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 107. "Courts have interpreted section 10(a)(3) to mean that except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). "[A]lthough not required to hear all the evidence proffered by a party, an arbitrator must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Id.* "To demonstrate arbitral misconduct, the challenging party must show that his right to be heard has been grossly and totally blocked, and that this exclusion of evidence prejudiced him." *Fid. Brokerage Servs. LLC v. Deutsch*, No. 17 Civ. 5778, 2018 WL 2947972, at *6 (S.D.N.Y. May 31, 2018), *aff'd*, 763 F. App'x 104 (2d Cir. 2019).

In the arbitration, Respondents argued that Petitioners overstated the property's expenses, and sought discovery into third-party records of the property's expenses to support this argument. *See* Resp'ts' Mem. in Supp. of Cross-Mot. to Vacate 4, ECF No. 9-1. Although Respondents were provided some physical records relevant to the expenses, they allegedly discovered at the arbitration hearing that Petitioners failed to produce responsive electronic documents and additional responsive physical documents that were in their control. *See id.* at 5. Respondents then moved for a mistrial and sanctions, which the arbitrator rejected. *See id.* In the Final Award, the arbitrator found that Respondents had had constructive notice regarding the alleged discovery deficiencies, making their objection to Petitioners' productions untimely. *See* Final Award 13 n.4 ("Respondents had ample opportunity prior to trial to complain about any

4

discovery deficiencies . . . . A careful review by Respondents of the documents produced by Claimants long before trial took place should have alerted them to any discovery deficiencies."). On the evidence presented, the arbitrator concluded that Respondents had not established that Petitioners incurred excessive expenses in the maintenance of the building. *See id.* at 13.

Respondents do not meet the standard for vacatur under § 10(a)(3), because they do not establish that the failure to reopen discovery into Petitioners' claimed expenses amounted to a violation of fundamental fairness. The Second Circuit's decision in *Evan K. Halperin Revocable Living Trust v. Charles Schwab & Co.*, No. 22 Civ. 2748, 2023 WL 8253681 (2d Cir. Nov. 29, 2023), is on point. There, the arbitral panel declined to compel production of certain electronically stored records, crediting declaration testimony that the records did not exist. The Circuit found that this decision did not amount to a violation of fundamental fairness, in part because the party seeking vacatur had the opportunity to call the declarant as a witness and declined to do so. *See id.* at *2. Here, the Final Award notes that at the hearing, Respondents questioned three witnesses about the property's expenses and two of them identified the property manager as the person who would know about these expenses. Final Award 12-13.[2] The Final Award declined to credit Respondents' argument regarding the expenses, noting that they did not call the property manager as a witness, even though he appeared during the hearing, nor did they submit expert testimony regarding the building's expenses. *Id.* at 13. As in *Evan K. Halperin Revocable Living Trust*, Respondents declined to adduce evidence about a particular issue at the hearing through readily available witness testimony. They cannot now claim they were blocked

---

[2] One witness, Eli Blum, testified that he lacked direct knowledge of the expenses and another, Jacob Varghese, testified that he was not the property manager, but all expenses were properly recorded. *See* Final Award 12-13. The final witness, Fred Ohebshaslom, stated that although he approved major expenses, the property manager would know more about the expenses. *Id.* at 13.

5

from doing so, particularly in light of the streamlined nature of arbitral proceedings. *See Tempo Shain Corp.*, 120 F.3d at 20 ("[A]n arbitrator need not follow all the niceties observed by the federal courts.").

The Final Award also notes that Respondents' objection to Petitioners' production came following "many conference and pre-hearing orders . . . related to discovery" and concludes that "[t]he time to raise discovery objections had long since passed at the time of trial." Final Award 13 n.4. This further weakens Respondents' argument that the proceeding violated fundamental fairness because they were not permitted to develop the necessary factual record.

Under the highly deferential standard relevant to arbitration proceedings, Respondents fail to establish that vacatur under § 10(a)(3) is appropriate.

**B.       Evident Partiality**

Respondents also argue in a conclusory fashion that the Final Award's holding that Respondents should have discovered any discovery deficiencies earlier and failure to sanction Petitioners for their deficient productions displayed evident partiality. Resp'ts' Mem. in Supp. of Cross-Mot. to Vacate 7-8. "Evident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104. "[An arbitration] panel's decision not to order the production of certain documents . . . does not support an inference of bias." *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000); *accord Evan K. Halperin Revocable Living Tr.*, 2022 WL 4334655, at *7 (same). As discussed, the arbitrator was well within her discretion to decline to compel further productions. Respondents do not establish that the arbitrator was partial to Petitioners, meaning their argument for vacatur under § 10(a)(2) fails.

from doing so, particularly in light of the streamlined nature of arbitral proceedings. *See Tempo Shain Corp.*, 120 F.3d at 20 ("[A]n arbitrator need not follow all the niceties observed by the federal courts.").

The Final Award also notes that Respondents' objection to Petitioners' production came following "many conference and pre-hearing orders . . . related to discovery" and concludes that "[t]he time to raise discovery objections had long since passed at the time of trial." Final Award 13 n.4. This further weakens Respondents' argument that the proceeding violated fundamental fairness because they were not permitted to develop the necessary factual record.

Under the highly deferential standard relevant to arbitration proceedings, Respondents fail to establish that vacatur under § 10(a)(3) is appropriate.

**B.       Evident Partiality**

Respondents also argue in a conclusory fashion that the Final Award's holding that Respondents should have discovered any discovery deficiencies earlier and failure to sanction Petitioners for their deficient productions displayed evident partiality. Resp'ts' Mem. in Supp. of Cross-Mot. to Vacate 7-8. "Evident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104. "[An arbitration] panel's decision not to order the production of certain documents . . . does not support an inference of bias." *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 260 (S.D.N.Y. 2000); *accord Evan K. Halperin Revocable Living Tr.*, 2022 WL 4334655, at *7 (same). As discussed, the arbitrator was well within her discretion to decline to compel further productions. Respondents do not establish that the arbitrator was partial to Petitioners, meaning their argument for vacatur under § 10(a)(2) fails.

## CONCLUSION

For the reasons given above, the cross-motion to vacate the Final Award is **DENIED**. Because the FAA requires that an arbitral award be confirmed unless it is vacated, *see* 9 U.S.C. § 9, Petitioners' petition to confirm is **GRANTED** and the Final Award is **CONFIRMED.**

The Clerk of Court is respectfully directed to close the motion at ECF No. 9 and to terminate the case.

SO ORDERED.

Dated: April 2, 2024
New York, New York

_____
DALE E. HO
United States District Judge